B18 (Official Form 18)(12/11)

# United States Bankruptcy Court
## Central District Of California

3420 Twelfth Street, Riverside, CA 92501-3819

## DISCHARGE OF DEBTOR

**DEBTOR INFORMATION:**
Antonieta Tovar
aka Antonieta Tovar Guzman, aka Maria Antonieta Tovar

**BANKRUPTCY NO.** 6:12-bk-18702-DS

**CHAPTER** 7

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):** xxx-xx-8817
**Employer Tax-Identification (EIN) No(s).(if any):** N/A
**Debtor Discharge Date:** 7/16/12

**Address:**
3883 Buchanan Avenue, Spc 93
Riverside, CA 92503

It appearing that the debtor is entitled to a discharge, IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code). SEE THE BACK OF THIS ORDER FOR EXCEPTIONS AND OTHER IMPORTANT INFORMATION.

BY THE COURT,

Dated: July 16, 2012

**Kathleen J. Campbell**
Clerk of the Court

---

\* Set forth all names, including trade names, used by the debtor(s) within the last 8 years. For joint debtors, set forth the last four digits of both social-security numbers or individual taxpayer-identification numbers.

(Form b18-DIS Rev. 12/2011) VAN-30

13 / MS

B18 (Official Form 18) Cont.
Rev.(12/11)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts That are Not Discharged.

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court, under section 523 of the Bankruptcy Code or other applicable law, specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

**TO THE DEBTOR/DEBTOR'S ATTORNEY:**

The attachment could not be mailed to the notice recipient(s) listed below because the United States Postal Service (USPS) has determined that those addresses in the case mailing list are undeliverable.

Please be advised that dischargeability of a debt may be affected if a creditor fails to receive certain notices. You should determine whether an address should be updated.

NOTE: **No further notices will be mailed to the notice recipient(s) listed below, if the USPS continues to designate the address as undeliverable, until the address is updated in accordance with local court policy, which may allow for use of this form, a separate notice of change of address, and/or an amended schedule.** THIS FORM CANNOT BE USED TO ADD A NEW CREDITOR NOT PREVIOUSLY LISTED ON YOUR SCHEDULES.

If this form is used by your court in place of filing a separate notice of change of address and/or an amended schedule: 1) determine the updated address and send the attachment to each recipient below; 2) list each updated address below; 3) sign and date the form; and 4) file this form with the court.

---

**UNDELIVERABLE ADDRESS:** Courtesy NEF
**Reason Undeliverable:** Incomplete address
**THE UPDATED ADDRESS PROVIDED IS:**

---

**UNDELIVERABLE ADDRESS:** Fieldstone, 11000 Broken Land Pkwy Ste 600, Columbia, MD 21044
**Reason Undeliverable:** Forwarding order has expired.
**THE UPDATED ADDRESS PROVIDED IS:**

Fieldstone Homes
30 Fairbanks, Suite 100
Irvine, CA 92618

---

_____    9/18/13
Signature of Debtor or Debtor's Attorney            Date

The Bankruptcy Noticing Center does not respond to messages regarding bypass notification. Please contact the U.S. Bankruptcy Court where the case is pending with questions or comments.